Case 4:15-cv-00406-O Document 19 Filed 06/16/16 Page 1 of 8 PageID 566

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUN 16 PM 3: 51

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAMMY BOND,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:15-CV-00406-O-BL |
| | §<br>§ | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Tammy Bond seeks judicial review of the decision of the Commissioner of Social Security (Commissioner), who denied her application for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and this case be dismissed.

## I. STATEMENT OF THE CASE

Plaintiff filed an application for DIB on March 29, 2012, alleging impairments that were disabling as of January 20, 2012. That application was denied initially on August 2, 2012, and again on reconsideration on November 7, 2012. Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on October 10, 2013. The ALJ issued a decision on December 13, 2013, finding Plaintiff not disabled.

Specifically, the ALJ found during step one that Plaintiff had not engaged in substantial gainful activity since January 20, 2012. (Doc. 12-3, 21). At step two, the ALJ found that Plaintiff's bipolar disorder and post traumatic stress disorder (PTSD) were "severe" impairments under 20 C.F.R. § 404.1521(b). (Doc. 12-3, 21). In the third step, the ALJ found that those severe impairments did not meet and were not the equivalent of any of the listed impairments. Doc. 12-3, 25-26). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform and sustain work at all exertional levels, but with "the need to work with things rather than people, and the need for simple, non-complex job tasks." (Doc. 12-3, 28). Those restrictions led the ALJ to determine that Plaintiff could not return to her previous employment, but was able to perform acceptably at jobs existing in the national economy. (Doc. 12-3, 28-29).

Plaintiff appealed to the Appeals Council, which denied review on March 23, 2015, Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to her pleadings, testimony at the administrative hearing, and the administrative record, Plaintiff was 39 and living with her mother at the time of the administrative hearing. She had completed college and also completed a postgraduate degree online. Plaintiff has worked in various positions, most notably in a supervisory position at a coffee store. She complains of mental impairments including bipolar disorder – manifesting as

alternating periods of mania and depression – and PTSD. She alleges these mental impairments render her disabled under the Act.

### III. STANDARD OF REVIEW

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and

3

whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Plaintiff alleges as the only issue on appeal that the ALJ failed to adequately weight the opinions of Plaintiff's treating psychiatrist and psychologist. The opinion of an acceptable treating medical source is given great weight. *Newton*, 209 F.3d at 453. "Acceptable medical source refers to one of the sources described in [20 C.F.R.] § 404.1513(a) who provides evidence about [the claimant's] impairments. It includes treating sources, nontreating sources, and nonexamining sources." 20 C.F.R. § 404.1502. "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of [a] treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d at 453. Plaintiff alleges that improper credit and consideration were given to the

evidence supplied by two such acceptable sources, Plaintiff's treating psychiatrist and treating psychologist.

The ALJ discussed the opinion of Dr. Lumley, Plaintiff's treating psychologist and quoted Dr. Lemley's opinion that Plaintiff "is able to carry out basic daily activities but has to make a concerted effort to remember to eat regularly Her capacity for understanding, her memory and ability to concentrate are intact. She has difficulty in adapting to change and stress and frequently becomes overwhelmed and unable to go out and partake in normal social activities." (Doc. 12-3, 26). Plaintiff alleges that Dr. Lumley's opinion contains limitations that were not fully integrated into the ALJ's RFC finding, and characterizes this as a rejection of the medical opinion of a treating physician. In her brief, Plaintiff cites Dr. Lumley's reports of limitations in the areas of focus and concentration, working near others, making simple work-related decisions, interacting appropriately with other people, responding to changes in the work environment, ability to travel to unfamiliar places, and completing a workday or workweek without interruption. (Doc. 16, 6). These limitations were recognized by the ALJ in modifying the RFC finding such that Plaintiff should work "with things rather than people, and [needs] simple, non-complex job tasks." (Doc. 12-3, 28).

The only "limitation" cited in Plaintiff's briefings that is not incorporated into the ALJ's RFC finding is that "Dr. Lumley believed that Bond was not stable enough to maintain balance in her life or maintain a steady job." (Doc. 16, 8). This is plainly euphemism for disability, which is an ultimate issue reserved to the Commissioner. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (finding that the ALJ is responsible for determining a claimant's RFC). The proposition that a claimant cannot perform acceptably in any work environment is not itself a limitation, but instead must be established by limitations and determined by an ALJ. So Dr.

5

Lumley's opinion cannot be said to have been "rejected," as the RFC finding is not inconsistent with any of Dr. Lumley's findings except her opinion as to disability, which must be determined by the Commissioner.

Furthermore, *Newton* ensures that the opinion of a "non-specialty medical expert who had not examined the claimant" is not given more weight than that of a treating or examining physician, but the ALJ here did not give such preference to a different medical opinion with regard to Dr. Lumley's notes. *Newton*, 209 F.3d at 453. The ALJ, "after careful consideration of the entire record," found that Plaintiff's mental limitations did not prevent a return to work under the circumstances described in the RFC. (Doc. 12-3, 29). Plaintiff supplies no evidence that the ALJ ruling contradicts or "rejects" the medical opinion of Dr. Lumley, only that Dr. Lumley came to a different conclusion than the ALJ about Plaintiff's capacity to work. Since the ALJ did not reject Dr. Lumley's opinion in favor of that of a nonexamining expert, but rather incorporated all permissible findings into the RFC determination, *Newton* analysis under § 404.1502 is not required.

Plaintiff similarly argues that opinions and limitations provided by her treating psychiatrist, Dr. Garrett, were rejected and required *Newton* and § 404.1502 analysis. (Doc. 16, 10). As above, Plaintiff cannot show that Dr. Garrett's opinions were rejected in favor of those of a nonexamining expert and require the *Newton* and § 404.1502 analysis. Plaintiff does argue that since Dr. Garrett's opinions are not mentioned explicitly in the ALJ's ruling, "[t]his omission is a crucial error in evaluating Bond's case because Dr. Garrett assesses her with limitations that would prevent her from working or sustaining work full time." (Doc. 16, 10). "Dr. Garrett stated that Bond's mental impairments affected her ability to care for herself, interact with others, work, think, communicate, learn, and concentrate." (Doc. 16, 10). These limitations, excepting

again one asserting that Plaintiff cannot work, can reasonably be read as incorporated in the ALJ's RFC determination, and are certainly not in such contrast that they can be said to have been rejected. Again, the ALJ reaching a different RFC result than treating physicians is not rejection if all limitations provided are fully considered. An ALJ need not specifically list evidence accepted and rejected in reaching findings. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

Whether a claimant is disabled or not is a determination made at the end of a five-step process. Plaintiff's allegations that opinions from these two treating sources were not appropriately weighted or utilized do not indicate which of those five steps would be impacted by the alleged error, only that the ultimate decision should have been decided in Plaintiff's favor. Absent a showing that there is a specific limitation that would change the RFC determination or that the ALJ actually rejected the opinion of a treating source with regard to a limitation – and not solely whether or not the Plaintiff is able to work - without performing the required analysis, any error present is harmless and not grounds for remand or reversal. Plaintiff does not allege that there is not substantial evidence supporting the ALJ's ruling, and has failed to show that improper legal standards were applied in reaching that ruling.

## V. CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docked of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must

file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated June __16__, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE