**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| TAMMY BOND, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>CAROLYN W. COLVIN, §<br>**Acting Commissioner of Social** §<br>**Security,** §<br>§<br>Defendant. § | §<br><br><br><br><br>Civil Action No. 4:15-cv-00406-O |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued a Report and Recommendation ("R&R") (ECF

No. 19) in this case.  The Magistrate Judge recommended that the Commissioner's decision be

affirmed and the complaint be dismissed with prejudice.  R&R, ECF No. 19.  Plaintiff Tammy Bond

filed objections.  *See* Pl.'s Obj. R&R, ECF No. 20.  The Court has conducted a de novo review of

those portions of the proposed findings and recommendation to which an objection was made.

Having reviewed the Motion, the applicable law, and the record before the Court, the Court finds the

Report and Recommendation in this case is hereby **ACCEPTED**.

## I.    BACKGROUND

This factual recitation is taken from the R&R in this case.  Plaintiff filed an application for

disability insurance benefits under Title II of the Social Security Act on March 29, 2012, alleging

disability as of January 20, 2012.  R&R 1, ECF No. 19.  The application was denied, and following

a hearing, an Administrative Law Judge ("ALJ") found that Bond was not disabled.  *Id.*

Specifically, the ALJ found that Bond's bipolar disorder and post-traumatic stress disorder (PTSD) were "severe" impairments under 20 C.F.R. § 404.1521(b), but those impairments did not meet and were not the equivalent of any of the impairments contained in the Listing of Impairments. *Id.* at 2.   Considering these impairments, the ALJ found that Bond retained the residual functional capacity (RFC) to perform and sustain work at all exertional levels, but with "the need to work with things rather than people and the need for simple, non-complex job tasks." *Id.*   Therefore, the ALJ concluded that Bond could not return to her previous employment, but could perform acceptably at jobs existing in the national economy. *Id.*   The Appeals Council denied review of the ALJ's decision, and Bond has appealed to this Court.

Bond objects to the R&R on the grounds that the ALJ improperly rejected the opinions of Bond's treating psychiatrist and psychologist.  Pl.'s Obj. R&R 1, 4, ECF No. 20.

## II.   LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(c)(3).  In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.  "The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

2

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.*; § 404.1520a(d)(3).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

## III.   ANALYSIS

Bond objects to the Magistrate Judge's R&R on the grounds that the ALJ failed to adequately consider and weigh the medical opinions of her treating psychiatrist and treating psychologist.

Under Social Security Administration regulations, the medical opinions of a treating physician are generally given great weight. 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight."). Under the Fifth Circuit's opinion in *Newton v. Apfel*, when the medical opinion of a treating physician is uncontroverted by the opinion of another treating physician or source, the ALJ should give the treating physician's medical opinions controlling weight. 209 F.3d 448, 453 (2000). If the ALJ fails to give the physician's views controlling weight, the ALJ must provide "a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. 404.1527[(c)](2)."[1] *Id.*; *see also* 20 C.F.R. § 1527(c)(2) ("When we do not give the treating source's opinion controlling weight, we apply the factors listed in [these] paragraphs . . . .").

Bond argues that the ALJ did not give the medical opinions of her treating psychologist Dr. Lumley or her treating psychiatrist Dr. Garret controlling weight; therefore, the ALJ was required to perform a detailed analysis under § 404.1527(c)(2). Pl.'s Obj. R&R 7, ECF No. 20. Because the ALJ failed to provide this analysis for either treating source, Bond contends, the ALJ's decision is legally flawed. *Id.* The Court will address the treatment of each doctor's opinion in turn.

### A. The Medical Opinions of Treating Psychologist Dr. Lumley

Bond objects to the ALJ's treatment of Dr. Lumley's opinions because the ALJ "failed to express what weight he afforded the opinions or what factors he applied when presumably rejecting those opinions." Pl.'s Obj. R&R 4, ECF No. 20. Specifically, Bond contends, the ALJ failed to

---

[1] 20 C.F.R. § 404.1527 was amended on March 26, 2012. At that time, subsection (d) of § 404.1527, was recodified as subsection (c).

4

incorporate limitations in Bond's ability to "maintain attention and concentration, work in proximity to others, make simple work-related decisions, interact appropriately with the general public and supervisors, and respond appropriately to changes in the work setting." Pl.'s Obj. R&R 2, ECF No. 20. Contrary to Bond's objections, however, the ALJ found that Bond had each of these limitations, noting that Bond had "moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and one episode of decompensation of extended duration." SSA Admin. R. 24, ECF No. 12-3. These limitations parallel those identified by Dr. Lumley.

The ALJ further recognized the impairments identified by Dr. Lumley when he modified his RFC finding to include "the need to work with things rather than people, and the need for simple, non-complex job tasks." SSA Admin. R. 27, ECF No. 12-3. "[T]he need to work with things rather than people" addresses Bond's difficulty in working in proximity to others and interacting with the public, while "the need for simple, non-complex job task" addresses Bond's inability to make work-related decisions and adapt to changes. As the ALJ did not reject or discount Dr. Lumley's medical opinion, the ALJ was not obligated to provide a detailed analysis of the weight the opinion was given. *Newton*, 209 F.3d at 453; *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

The only medical opinion of Dr. Lumley that was not incorporated into the ALJ's findings was Dr. Lumley's conclusion that Bond was "not yet capable of resuming a normal work schedule." SSA Admin R. 351, ECF No. 12-8; *see also* Pl.'s Obj. R. 3, ECF No. 20. However, "a determination by a treating physician that an applicant is 'disabled' or 'unable to work' is not a medical opinion entitled to deference, but rather a legal conclusion 'reserved to the Commissioner.'" *Tucker v. Astrue*, 337 F. App'x 392, 396–97 (5th Cir. 2009) (citing *Frank*, 326 F.3d at 620 (5th Cir. 2003)).

By regulation, opinions on an applicant's ability to work, which Dr. Lumley's opinion is, are not "medical opinions," for purposes of § 404.1527 and "are not entitled to any special significance or treatment under the regulations." *Tucker*, 337 F. Appp'x at 396–97 (5th Cir. 2009); *see also Frank v. Barnhart*, 326 F.3d 618, 629 (5th Cir. 2003) ("the regulation expressly explains that some opinions by phsyicians are not medical opinions, and as such have no 'special significance' in the ALJ's determination"). Therefore, the ALJ did not err by failing to giver Dr. Lumley's opinion any greater consideration than provided.

Bond's objection is **OVERRULED**.

### B.  The Medical Opinions of Treating Psychiatrist Dr. Garrett

In contrast to his treatment of Dr. Lumley's testimony, the ALJ does not discuss or mention the medical opinions of Bond's treating psychiatrist Dr. Garrett. Bond argues that "[t]his omission is a crucial error." Pl.'s Obj. R&R 4, ECF No. 20. The Court disagrees.

No one contends that Dr. Garrett's medical opinions were controverted by another treating physician's medical opinion. Therefore, his opinions were entitled to a detailed analysis under *Newton* only if the ALJ did not give his opinions controlling weight. *Frank*, 326 F.3d at 629. There is no evidence here that the ALJ rejected or discounted Dr. Garrett's medical opinions. The limitations identified by Bond—"impaired concentration, impaired communication skills, and inability to deal with workplace stress"—are reflected in the ALJ's findings that Bond had "moderate difficulties in maintaining social functions; moderate difficulties in maintaining concentration, persistence or pace; and one episode of decompensation of extended duration." Pl.'s Obj. R&R 7, ECF No. 20; SSA Admin. R. 22, ECF No. 12-3.

Once again, the only opinion not represented in the ALJ's findings was Dr. Garrett's conclusion that Bond is unable to work.  SSA Admin. R. 330, ECF No. 12-8.  As outlined above, a treating physician's opinion as to an applicant's ability to work is an administrative finding reserved to the Commissioner, not a medical opinion entitled to special significance or analysis. *Tucker*, 337 F. App'x at 396–97.  Therefore, the ALJ did not err by rejecting this opinion without analysis.

Even if the ALJ did not incorporate Dr. Garrett's medical opinions without analysis, his failure to provide a detailed analysis weighing Dr. Garrett's opinions did not result in harm or prejudice.  Violation of an agency regulation constitutes error warranting reversal and remand "when a reviewing court concludes that the error is not harmless," whereas violation of court precedent requires a claimant to show prejudice resulted.  *Harris v. Astrue*, No. 3:11-CV-1089-M-BH,  2012 U.S. Dist. LEXIS 138214 (N.D. Tex. Sept. 7, 2012) (Hines, J.) (citing *Pearson v. Barnhart*, 1:04-CV-300, 2005 U.S. Dist. LEXIS 11354, 2005 WL 1397049, at *4 (E.D. Tex. May 23, 2005)).  A claimant is required to affirmatively show that an error resulted in prejudice for reversal, whereas "harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Id.* (citing *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981); *Newton*, 209 F.3d at 458).  Bond's objections do not to satisfy either standard.

Bond failed to identify any specific limitation identified by Dr. Garret that would have changed the ALJ's conclusion.  Dr. Garrett saw Bond over roughly the same period of time as Dr. Lumley.  His impairment findings vary little from Dr. Lumley's and are arguably more conclusory. SSA Admin. R. 315–66, ECF No. 12-8.  Dr. Garrett emphasized Bond's inability to handle stress more than Dr. Lumely, but the ALJ incorporated Bond's period of decompensation into her

impairment finding.  SSA Admin. R. 330–33, ECF No. 12-8; SSA Admin. R. 14, ECF No. 12-3. The limitations Bond highlighted in her objection to the R&R are taken primarily from a standardized form for disability leave from Starbucks, where Bond worked previously.  Pl.'s Obj. R. 4–5, ECF No. 20; SSA Admin. R. 332–33, ECF No. 12-8.  In completing the form, Dr. Garrett did little more than check boxes and restate Bond's difficulty handling stress and her inability to work.  SSA Admin. R. 332–33, ECF No. 12-8.  Such evidence was not of a quality to outweigh the countervailing evidence and alter the ALJ's conclusion.

Accordingly, Bond's objection is **OVERRULED** and the R&R of the Magistrate Judge is **ADOPTED.**

## IV.     CONCLUSION

Based on the foregoing analysis, the Court finds that the Magistrate Judge's Report and Recommendation in this case should be and is hereby **ACCEPTED**, and the Plaintiff's case is **DISMISSED**.

**SO ORDERED** on this **31st day** of **August, 2016.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**